IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| **COMTECH AEROASTRO, INC.,**<br><br>    **Plaintiff,**<br><br>    v.<br><br>**SIERRA NEVADA CORPORATION, PATRICIA DAVIS REMIAS, and CRAIG GRAVELLE,**<br><br>    **Defendants.** | Civil Action No. 1:10-cv-00517-AJT-JFA |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' MOTION FOR SEALING ORDER**

Pursuant to Local Civil Rule 5 and the Stipulated Protective Order entered in this case, Defendants Sierra Nevada Corporation ("SNC"), Patricia Davis Remias, and Craig Gravelle, by counsel, submit this Memorandum in Support of their Motion for Sealing Order.

**I. FACTS**

In this case, Plaintiff Comtech AeroAstro, Inc. ("CAA") alleges, *inter alia*, that Defendants have misappropriated its confidential and proprietary information, breached agreements entered into with CAA, and are tortiously interfering with CAA's prospective economic advantage.  *See* Docket No. 1: Complaint, *e.g.*, ¶¶ 1, 3-4, 83, 89.  CAA previously employed Defendants Remias and Gravelle.  Ms. Remias and Mr. Gravelle now work for SNC. *Id.* ¶¶ 16, 17.  CAA alleges that Ms. Remias and Mr. Gravelle have violated, and continue to violate their employment agreements with and other obligations to CAA and that SNC unlawfully obtained CAA's confidential information and intellectual property.  *Id.* ¶ 4. Defendants deny all of Plaintiff's allegations of wrongdoing.

CAA filed emergency motions for both expedited discovery and a temporary restraining order. *See* Docket Nos. 4, 8. This Court granted Plaintiff's Emergency Motion for a Temporary Restraining Order on May 19, 2010 after a hearing on that same day. *See* Docket Nos. 13, 14. This Court is scheduled to hear argument on Plaintiff's Motion for Preliminary Injunction on June 15, 2010. *See* Docket No. 22.

The parties have engaged in expedited discovery in anticipation of the June 15, 2010 hearing on Plaintiff's Motion for Preliminary Injunction, and have entered into a Stipulated Protective Order (entered by this court on June 10, 2010, Docket No. 26) governing the exchange of confidential information and the taking of confidential testimony in depositions. The documents exchanged and testimony given pursuant to the Stipulated Protected Order includes confidential and proprietary business information, including highly sensitive testimony regarding business plans, business strategy, and executive compensation, business emails and other business communications, confidential business documents such as confidential business proposals and other documents relating to the "APT Contract" which is the subject of an ongoing competitive bid process, and sensitive personnel documents relating to Reimas and Gravelle, including documents related to: their employment and bonus agreements with CAA, their resignations and departures from CAA, and their recruitment, hiring, employment, and agreements with SNC. Most of the testimony and documents produced by Plaintiff have been designated Confidential and important testimony and documents produced by Plaintiff have been designated as "Attorneys' Eyes Only" under the Stipulated Protective Order.

**II.     LAW AND ARGUMENT**

    **A.     The Proposed Sealing Order is Reasonable.**

The proposed Sealing Order would seal the accompanying briefs and attached exhibits of

Defendants, which contain substantial confidential and proprietary information from all parties to this case. Defendants' briefs and attached exhibits contain excerpts from and references to confidential deposition testimony from all parties – including critical testimony which has been designated "Attorneys' Eyes Only" by Plaintiff pursuant to the Stipulated Protective Order – on sensitive topics such as current and future business plans and strategies (including those relating to the APT contract which is subject to an ongoing competitive bid process), ownership and acquisition plans, potential leadership changes, customer base and revenue distribution, executive compensation practices and bonus plans, hiring plans and practices, and sensitive personnel information.

Courts in the Eastern District of Virginia have ruled that entry of a sealing order covering this type of information is appropriate. *See, e.g., Telecomm. Sys. v. Mobile 365, Inc.*, No. 3:06-cv-485, 2009 U.S. Dist. LEXIS 126761 (E.D. Va. 2009) ("In the present matter, a Protective Order is in place governing the parties' distribution of Designated Materials. The Order was designed to help facilitate the exchange of 'documents, things, information, testimony, and other evidence that the parties may consider to comprise trade secrets or confidential business information.'"); *Deltek Sys. v. Kinetek Consulting, L.L.C.*, No. 1:05-cv-781, 2005 U.S. Dist. LEXIS 42520 (E.D. Va. 2005) (noting that "[p]roprietary competitive material of both the parties and of non-parties, including trade secret information, is likely to be produced during discovery, and such information must be safeguarded against public disclosure.") Other district courts in the Fourth Circuit have also entered sealing orders for similar types of information. *See, e.g., Super Duper, Inc. v. Pa. Nat'l Mut. Cas. Ins. Co.*, No. 6:07-cv-375, 2009 U.S. Dist. LEXIS 118957 (D.S.C. 2009) (ordering entry of protective order to facilitate "disclosure of documents and/or information that the parties assert are proprietary, commercial, private, not publicly

known, and/or otherwise confidential"); *Moore v. CVS Corp.*, No. 7:04-CV-054, 2005 WL 581357 *1, 2005 U.S. Dist. LEXIS 3798 *2 (W.D. Va. 2005) (ordering entry of a protective order to facilitate production of proprietary business records and confidential personnel files); *Behler v. Hanlon*, 199 F.R.D. 553, 563 (D. Md. 2001) (entering protective order regarding sensitive financial information to be produced by expert witness).

### B.     The Proposed Sealing Order Meets the Applicable Standard.

The United States Court of Appeals for the Fourth Circuit has held that, before a district court may seal any court documents, it must: (1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object; (2) consider less drastic alternatives to sealing the documents; and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives.  *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000).

The filing of this Memorandum and the accompanying Notice and Motion satisfies the requirements that the public be provided notice of the request to seal and that interested parties be allowed a reasonable opportunity to object to the request.  Defendants are willing to consider any less drastic alternatives to sealing the documents when filed with the Court that the Court might propose.  Defendants believe, however, that sealing confidential, proprietary, and sensitive business and personnel information that may be filed with the Court is the most appropriate method to ensure confidentiality of such sensitive information.

In this case, Defendant SNC is seeking to have its own sensitive financial and proprietary information as well as Plaintiff's sensitive financial and proprietary information, and the personnel information of employees and former employees of both Plaintiff and SNC and/or any other affected non-parties, filed under seal pursuant to Local Civil Rule 5 and the Stipulated

Protective Order.. Similarly, Defendants Patricia Remias and Craig Gravelle are seeking to have the financial and proprietary information of Plaintiff and Defendant SNC and their own personnel information filed under seal pursuant to Local Civil Rule 5 and the Stipulated Protective Order.

Such confidential information should be filed under seal to protect the business interests of both Plaintiff and Defendant SNC, to protect the personal privacy of Defendants Remias and Gravelle and to protect the personal privacy of CAA or SNC employees, former employees, and/or other affected non-parties. No other procedure will suffice because the parties must maintain the confidentiality of this information for business and personal privacy reasons, but must also arrange to provide this information to the opposing party for the purposes of this litigation.

As previously agreed upon in the Stipulated Protective Order, Defendants seek to have the seal maintained indefinitely, due to the business and personal privacy interests at stake.

**C.   Defendants Consent to a Ruling on this Motion Without Oral Argument.**

Unless this Court deems a hearing necessary, Defendants request a ruling on this Motion without oral argument.

### III.   CONCLUSION

For the foregoing reasons, the Defendants respectfully request that the Court grant their Motion for Sealing Order.

Dated:  June 14, 2010

Respectfully submitted,

| LITTLER MENDELSON, P.C. | GABELER BATTOCCHI & POWELL, PC |
|---|---|
| By: /s/ | By: /s/ |
| Paul J. Kennedy (Va. Bar No. 29802) | Raymond D. Battocchi |
| Attorney for Defendant Sierra Nevada Corporation | (Va. Bar No. 24622) |
| 1150 17th Street NW, Suite 900 | Attorney for Defendants |
| Washington, D.C. 20036 | Patricia Remias and Craig Gravelle |
| Tel. 202.842.3422 | 1320 Old Chain Bridge Road |
| Fax 202.842.0011 | Suite 200 |
| pkennedy@littler.com | McLean, Virginia 22101 |
| | Tel: (703) 847-8888 |
| | Fax: (703) 847-9033 |
| | batocchi@aol.com |
| and | |
| Kimberly A. Marinoff (Va. Bar No. 48532) | |
| Dan Alban (Va. Bar No. 72688) | |
| 1650 Tysons Boulevard, Suite 700 | |
| McLean, Virginia 22102 | |
| Tel. 703.442.8425 | |
| Fax 703.442.8428 | |
| kmarinoff@littler.com | |
| dalban@littler.com | |

6

## CERTIFICATE OF SERVICE

I hereby certify that, on this 14th day of June, 2010, I electronically filed the foregoing Memorandum of Points and Authorities In Support of Defendants' Motion for Sealing Order with the Clerk of the Court using the CM/ECF system, which will then send notification of such filing to the following:

>Brendon Michael Tavelli
>Todd Bitner Castleton
>Attorneys for Plaintiff Comtech Aeroastro, Inc.
>Proskauer Rose, LLP
>1001 Pennsylvania Ave. NW
>Suite 400 South
>Washington, D.C. 20004
>Tel. 202.416.6800
>Fax. 202.416.6899
>btavelli@proskauer.com
>tcastleton@proskauer.com
>
>Raymond D. Battocchi
>Attorney for Defendants
>Patricia Remias and Craig Gravelle
>1320 Old Chain Bridge Road
>Suite 200
>McLean, Virginia 22101
>Tel: (703) 847-8888
>Fax: (703) 847-9033
>batocchi@aol.com

>_____/s/_____
>Kimberly A. Marinoff
>Va. Bar No. 48532
>Attorney for Defendant Sierra Nevada
>   Corporation
>Littler Mendelson, P.C.
>1650 Tysons Blvd., Suite 700
>McLean, VA 22102
>Telephone: 703.442.8425
>Facsimile: 703.442.8428
>kmarinoff@littler.com